In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00699-CR

____________


LARRY LYNN KENNAMORE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 873,556






O P I N I O N 

 Appellant was charged by indictment with aggravated sexual assault, enhanced by one
prior felony conviction. Appellant entered a plea of not guilty. The jury found appellant
guilty as charged, and appellant pled true to the enhancement paragraph. The jury found the
enhancement paragraph true and assessed punishment at 35 years in prison. In his only point
of error on appeal, appellant contends that the trial court committed reversible error in
admitting evidence of an extraneous offense to show identity because the charged offense
and extraneous offense were not sufficiently similar.

BACKGROUND


Charged offense

 On June 16, 2000, complainant returned home to her apartment complex around 11:20
p.m. Complainant unloaded her books, purse, and bag out of the car and took the items into
her apartment. Complainant then went back to her car to retrieve her keyboard. As
complainant was taking the keyboard from the backseat, appellant walked up to complainant
and pressed up against her body. Appellant put a pocket knife up to complainant's neck and
threatened, "Be careful. I'm going to cut you if you don't cooperate." Appellant then took
complainant by the arm, still at knife point, to the side of the utility building in the apartment
complex. Appellant told complainant, "We are just going to go over and have some fun."

 Once behind the utility building, appellant ordered complainant, at knife point, to take
off all her clothes. Complainant complied with appellant's demands, and appellant yelled
at her to hurry up. Once complainant was naked, appellant made her lie, face up, on the
ground. Appellant repeatedly told complainant not to look at him or he would cut her. 

 Appellant kissed complainant and then placed his penis in complainant's vagina for
about 15 minutes. Next, appellant made complainant perform oral sex. After having her
perform oral sex, appellant got back on top of complainant. 

 Dennis Stygstra, another tenant at the apartment complex, was outside when his dog
noticed complainant and appellant. Stygstra followed his dog and saw appellant on top of
complainant. Believing that they were vagrants, Stygstra suggested that they get a room, and
he asked appellant if he lived in the complex. Appellant responded that he did live there. 
Complainant did not say anything because she was scared and very tired. Stygstra picked up
his dog and returned to his apartment. Stygstra told his roommate what he had seen and
called 911. 

 After Stygstra returned to his apartment, appellant ordered complainant up and pushed
her behind some bushes near her car. Complainant was naked and holding her clothes to her
chest. Once behind the bushes, appellant ordered complainant back down on the ground, and
just as he was about to penetrate her again, Stygstra and his roommate had come back down
to see what was happening. Stygstra's roommate yelled "What are you doing?" The police
arrived shortly thereafter, and appellant, realizing that the police had arrived, ran off. 
Stygstra pursued appellant, but appellant got away. 

 Complainant, who was still naked, got up and ran and hid under a patio table for
several minutes. Complainant eventually ran into her apartment, and the police knocked on
her door. The police then learned that complainant had been raped and called an ambulance. 
On June 23, 2000, complainant picked appellant's picture from a photo spread.

Extraneous Offense

 On June 23, 2000, M.H. got into a fight with her boyfriend and went to call her friend
from a pay phone. M.H. lived at the same apartment complex as complainant, and M.H.
walked one block over to the nearby Stop N Go. Appellant, who had been sitting on the curb
by the pay phones, approached M.H. and the two began to talk. M.H. knew appellant
because she had seen him hanging out by the Stop N Go several times before. 

 M.H. went to use the pay phone, and appellant then tripped or hit M.H. and dragged
her behind the dumpster at the Stop N Go. (1)
 Appellant then struck M.H. on her left cheek,
and appellant told M.H. to take off her shirt. Appellant removed M.H.'s boxer shorts. M.H.
tried to reason with appellant, and she told him not to do it. Appellant repeatedly told M.H.
not to look at him and to be quiet. Appellant told M.H. that, if she pleasured him, she would
not get hurt. Appellant then kissed M.H., touched her breasts and all over her body, and he
tried to touch her vagina. Appellant let M.H. put her shirt back on, but she did not know
why. At this point, M.H. put her shirt back on and ran away. M.H. ran to a nearby carwash
where a man was washing his tow truck. M.H. got into the truck and was screaming. The
driver of the truck gave M.H. a pair of jeans to wear, and he called the police.

 The police arrived at the scene, and M.H. gave a description of appellant. The police
immediately recognized the description of appellant as the same man they had photographed
a few hours earlier as part of the investigation in the complainant's case. (2) The police showed
M.H. the photo line-up from the complainant's case, and M.H. immediately identified
appellant. The police began a search for appellant, and within a half-hour, they found
appellant in a field approximately one and one-half blocks away from the Stop N Go.

DISCUSSION


 In his only point of error, appellant contends that the trial court committed reversible
error in admitting evidence of the extraneous offense to show identity because the charged
and extraneous offenses were dissimilar in material aspects and were not sufficiently similar
to constitute appellant's "signature." We review the trial court's admission of evidence of
the extraneous offense under an abuse of discretion. Prytash v. State, 3 S.W.3d 522, 527
(Tex. Crim. App. 1999). Under Rule 404(b) of the Texas Rules of Evidence, evidence of
other crimes is not admissible to prove the character of a person in order to show action in
conformity therewith. Tex. R. Evid. 404 (b). However, evidence of other crimes, wrongs,
or acts may be admissible for other purposes such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake. Id.

 An extraneous offense is admissible to show identity only if identity is at issue (3) and
if there is some distinguishing characteristic or characteristics common to both the
extraneous offense and the offense for which the accused is on trial. Lane v. State, 933
S.W.2d 504, 519 (Tex. Crim. App. 1996); Walker v. State, 588 S.W.2d 920, 923 (Tex. Crim.
App. 1979). The rule in admitting extraneous acts to show identity is that the acts sought to
be admitted must be so similar to the offense charged that the accused's acts are marked as
his handiwork; that is, his "signature" must be apparent from a comparison of circumstances
in both cases. Bishop v. State, 869 S.W.2d 342, 346 (Tex. Crim. App. 1993). An extraneous
offense that is admitted to show identity must demonstrate a much higher degree of similarity
to the charged offense than extraneous offenses admitted for other purposes such as intent. 
Id. This is because without such a high degree of similarity, the probative value of such
evidence would be substantially outweighed by its prejudicial effect. Id.

 The State presented evidence to the trial court of the similarities between the two
offenses. We consider the following significant similarities:

 1. Both assaults occurred late at night. The crime in the case-in-chief occurred
at 11:30 p.m, and the extraneous offense occurred at 2:55 a.m.


 2. The assaults occurred one block away from each other.


 3. The assaults occurred within one week of each other.

 

 4. Appellant approached both victims while they were in a parking lot.


 5. In both cases, appellant ordered each victim to disrobe, rather than completely
disrobing them himself.


 6. In both cases, he repeatedly ordered the victim not to look at him.


 Appellant kissed both victims.


 


 Appellant committed both offenses by himself.


 


 The victim in the case-in-chief could smell the odor of cigarettes during attack,
and the victim in extraneous offense gave appellant a cigarette.

 Both victims said appellant was homeless.

 Appellant was extremely bold in both offenses. In the offense in the case-in-chief, appellant continued to assault the victim despite being confronted by
others. In the extraneous offense, appellant assaulted victim within two hours
of having been photographed by an officer who told appellant he was
investigating a sexual-assault case.



 We find that, based on these similarities, the trial court did not abuse its discretion in
admitting the extraneous offense. We overrule appellant's only point of error.

 We affirm.



 Sam Nuchia

 Justice


Panel consists of Justices Cohen, Nuchia, and Price. (4)

Do not publish. Tex. R. App. P. 47.




1. At trial M.H. testified that it was unclear what exactly happened.

2. 
[2] On June 23, the same day that M.H. was attacked, the police were conducting a
follow-up investigation of complainant's sexual assault. Police were looking for a
homeless man, not appellant, who they suspected had sexually assaulted complainant. 
Officers had found their suspect and photographed him for the photo line-up. In
looking for other individuals to photograph for fill-ins for the line-up, police came
across appellant and asked if they could photograph him for a line-up for a sexual-assault investigation. Appellant agreed, and police took his picture. 
3. I
n the present case, there is no question identity was at issue. Appellant does not
contest this point on appeal, and it is clear from the record that appellant's identity
was at issue.
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.